RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/21/12
       JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD D. THIBODEAUX<br>    LA. DOC #517407<br>VS. | CIVIL ACTION NO. 1:12-cv-2157<br>SECTION P<br>CHIEF JUDGE DEE D. DRELL |
| TIMOTHY KEITH, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

*Pro se* petitioner Gerald D. Thibodeaux, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 10, 2012. Petitioner attacks his December 4, 2006 conviction for attempted aggravated rape and the 25-year sentence imposed by the Ninth Judicial District Court Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §626 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### Background

Petitioner was indicted and charged with aggravated rape by the Rapides Parish Grand Jury on June 22, 2006. [Doc. 1-2, p. 7] On December 4, 2006 petitioner entered into a plea agreement, the terms of which were reduced to writing. Petitioner agreed to

plead guilty to one count of attempted aggravated rape and to the imposition of a sentence of 25-years without benefit of parole; he also waived his right to appeal his conviction and sentence, to seek reconsideration or amendment of sentence, a new trial, or post-conviction relief. [Doc. 1-3, p. 2] The trial court accepted the plea agreement and upon entry of petitioner's plea, imposed the agreed upon sentence. [Doc. 1-3, pp. 4-5] In due course, a Bill of Information charging the offense of attempted aggravated rape was filed. [Doc. 1-3, p. 9]

Sometime prior to March 8, 2007 petitioner requested free copies of various court documents. On March 8, 2007 his motion was granted insofar as it requested court minutes, copies of the Bills of Indictment and Information, commitment papers, and plea agreement forms. Petitioner was further advised that a showing of particularized need was required before he could obtain free copies of transcripts, crime lab reports, police reports, and medical reports. [Doc. 1-3, p. 22]

Thereafter on July 20, 2007 he filed another motion for production of documents, specifically the statement of the victim, trial transcripts, crime lab reports, guilty plea colloquy, and medical reports. He claimed he was in need of these documents because he was "... researching post-conviction relief..." and that "... without these documents ... he cannot prepare a collateral attack upon his conviction..." He argued

2

that he was entitled to production of these documents at no cost because of his poverty. The motion was denied without comment on August 15, 2007. [Doc. 1-3, pp. 18-21] He apparently did not seek review of either motion in the Court of Appeals. Instead, he requested copies of the documents in question from his attorney and on September 25, 2007 he was provided the documents he requested. [Doc. 1-3, p. 1][1]

On January 16, 2008 petitioner filed a *pro se* Motion for Out-of-Time Reconsideration of Sentence. On January 31, 2008 the trial court denied the motion as untimely. [Doc. 1-3, pp. 23-38]

Petitioner apparently did not receive notice of judgment, so, in April 2008 petitioner corresponded with the court requesting the status of his motion. He was apparently advised of the denial and shortly thereafter requested the forms and rules for seeking post-conviction relief. [Doc. 1-3, pp. 28-29] He apparently did not seek further review of the denial of his motion.

Instead, on June 12, 2008 he filed a *pro se* application for post-conviction relief raising four claims: (1) involuntary plea; (2) breach of the plea agreement; (3) ineffective assistance of counsel; and (4) defective bill of indictment or information.

---

[1] Petitioner claims that he obtained the documents in question from his trial attorney in August 2007. [Doc. 1-2, pp. 15-16] However, the letter from petitioner's trial attorney indicates that petitioner received the requested documents from counsel sometime after September 25, 2007. [Doc. 1-3, p. 1]

[Doc. 1-3, pp. 30-38] On July 13, 2008 the District Court denied relief and supplied reasons for judgment. [Doc. 1-3, pp. 39-41] Petitioner applied for writs of review and on February 19, 2009 the Third Circuit Court of Appeals denied writs finding no error in the trial court's judgment. [Doc. 1-3, pp. 42-44; State of Louisiana vs. Gerald D. Thibodeaux, No. KH 08-01127] Petitioner thereafter sought review in the Louisiana Supreme Court and on April 9, 2010 his application for writs was denied without comment. [Doc. 1-3, pp. 45-50; State of Louisiana ex rel. Gerald Thibodeaux v. State of Louisiana, 2009-1453 (La. 4/9/2010), 31 So.3d 384.]

Sometime prior to June 21, 2010 petitioner filed a *pro se* Motion to Correct and Vacate an Illegal Sentence pursuant to La. C.Cr.P. art. 882; therein petitioner alleged that his sentence was unlawful because he was not advised of his right to seek post-conviction relief within two years of the date of his conviction. On June 21, 2010 the trial court denied relief. [Doc. 1-3, p. 51] In due course petitioner sought review of this issue in the Third Circuit Court of Appeals. [Doc. 1-3, pp. 55-62] On March 14, 2011 the Third Circuit denied writs noting that while petitioner filed a motion to correct an illegal sentence, he did not demonstrate that his sentence was illegal but rather argued that the trial court failed to advise him of his right to seek post-conviction relief. Noting that petitioner waived the right

4

to seek post-conviction relief as part of his plea agreement, the court denied writs. State of Louisiana v. Gerald D. Thibodeaux, No. KH 10-00954. [Doc. 1-3, p. 63] He apparently did not seek further review in the Supreme Court.

Instead, on March 22, 2011 he filed a "Motion to Correct an Illegal Guilty Plea" in the District Court. In this motion he claimed that his guilty plea was involuntary because the trial court failed to inform him of his right to trial by jury. He also alleged ineffective assistance of counsel. [Doc. 1-3, pp. 64-68] On April 11, 2011 his motion was denied. [Doc. 1-3, p. 69] Petitioner sought review in the Third Circuit Court of Appeals [Doc. 1-3, pp. 70-87] and on June 24, 2011 his writ application was denied. The Court observed that petitioner's pleading did not allege illegality of sentence but rather trial errors; and, that such claims are cognizable only in an application for post-conviction relief. The court then ruled that the pleading was untimely having been filed beyond the 2-year period of limitation established by La. C.Cr.P. art. 930.8. State of Louisiana v. Gerald Thibodeaux, No. KH 11-00627. [Doc. 1-3, pp. 70-88]

Thereafter petitioner sought further review in the Louisiana Supreme Court. [Doc. 1-3, pp. 89-103] On April 20, 2012 the Supreme Court, citing State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, also construed petitioner's motion as an application for post-conviction relief and denied relief because

to seek post-conviction relief as part of his plea agreement, the court denied writs. State of Louisiana v. Gerald D. Thibodeaux, No. KH 10-00954. [Doc. 1-3, p. 63] He apparently did not seek further review in the Supreme Court.

Instead, on March 22, 2011 he filed a "Motion to Correct an Illegal Guilty Plea" in the District Court. In this motion he claimed that his guilty plea was involuntary because the trial court failed to inform him of his right to trial by jury. He also alleged ineffective assistance of counsel. [Doc. 1-3, pp. 64-68] On April 11, 2011 his motion was denied. [Doc. 1-3, p. 69] Petitioner sought review in the Third Circuit Court of Appeals [Doc. 1-3, pp. 70-87] and on June 24, 2011 his writ application was denied. The Court observed that petitioner's pleading did not allege illegality of sentence but rather trial errors; and, that such claims are cognizable only in an application for post-conviction relief. The court then ruled that the pleading was untimely having been filed beyond the 2-year period of limitation established by La. C.Cr.P. art. 930.8. State of Louisiana v. Gerald Thibodeaux, No. KH 11-00627. [Doc. 1-3, pp. 70-88]

Thereafter petitioner sought further review in the Louisiana Supreme Court. [Doc. 1-3, pp. 89-103] On April 20, 2012 the Supreme Court, citing State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, also construed petitioner's motion as an application for post-conviction relief and denied relief because

the pleading was filed beyond the limitations period established by art. 930.8. <u>State of Louisiana ex rel. Gerald D. Thibodeaux v. State of Louisiana</u>, 2011-1723 (La. 4/20/2012), 85 So.3d 1265.

Petitioner filed the instant petition on August 10, 2012. Petitioner argues that his conviction and sentence are unconstitutional because he was not informed that his guilty plea operated as a waiver of trial by jury.

Petitioner also claims that he is entitled to statutory tolling of the AEDPA's period of limitations pursuant to 28 U.S.C. §2244(d)(1)(B) because state created impediments (i.e. his placement in administrative segregation from December 6, 2006 (the date of his plea and sentencing) until sometime in February 2007; his transfer to another prison in March 2007; and, the denial of his motions for production of documents) prevented him from timely filing his *habeas* petition. He also claims that he is entitled to tolling pursuant to 28 U.S.C. §2244(d)(2) during the pendency of his "Out-of-Time Motion to Reconsider Sentence." [Doc. 1-2, p. 20] Finally, he implies that he is entitled to equitable tolling because reports obtained from his attorney in 2007 support his current claim of actual innocence. [Doc. 1-2, pp. 29-32]

### *Law and Analysis*

### *1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date

of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of

---

[2] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(C), or (D) in that petitioner has not alleged that his claims arise as a result of a newly recognized Constitutional right or the recent discovery of the factual predicate of his claim. He does suggest that he is entitled to tolling as provided by §2244(d)(1)(B) and that claim is addressed in Part 2 below.

an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence.[3] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on December 4, 2006. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days within which to file a Motion for Appeal[4] or, until January 4, 2007. Since petitioner did not file a timely motion for appeal, his judgment of conviction and sentence became final under the AEDPA on that date and, he had one year, or until on January 4, 2008 to file his federal *habeas corpus* petition.

---

[3] Petitioner could not appeal his conviction and sentence since under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings leading up to the plea [<u>State v. Crosby</u>, 338 So.2d 584 (La.1976) ] and, pursuant to La.C.Cr.P. art. 881.2, "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner's plea agreement specified the length of sentence and the sentence imposed did not exceed the sentence agreed to. Finally, petitioner specifically waived further review of his conviction or sentence.

[4] La. C.Cr.P. art. 914(b)(1) provides, "The motion for an appeal must be made <u>no later than [t]hirty days after the rendition of the judgment</u> or ruling from which the appeal is taken."

Petitioner implies that he is entitled to tolling of the limitations period pursuant to §2244(d)(2) during the pendency of his motions for production of documents filed in the spring and summer of 2007. However, petitioner cannot rely upon the pendency of his motions seeking production of documents because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See Boyd v. Ward, 2001 WL 533221, *4 (E.D.La.2001); Brisbon v. Cain, 2000 Wl 45872, *2 (E.D.La.2000); Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir.2002) citing Williams v. Cain, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); See also Myers v. Cain, 2001 WL 1218763, *4 (E.D.La., 2001)(Such motions are preliminary in nature and do not call into question the validity of either conviction or sentence.)

Petitioner also argues that he is entitled to tolling during the period of time that his Motion for Reconsideration of Sentence was pending. As noted above, petitioner filed his motion on January 16, 2008; his motion was denied as untimely on January 31, 2008. [Doc. 1-3, pp. 23-38] However, the AEDPA limitations period expired on January 4, 2008. Thus, petitioner cannot rely upon the tolling provisions of 28 U.S.C. §2244(d)(2) since the AEDPA's one-year period of limitations expired before he filed his motion and, any lapse of time before the proper filing of collateral review in state court must be counted

against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Likewise, petitioner's application for post-conviction relief filed on June 12, 2008, more than 5 months after the AEDPA limitations period had expired, could not toll limitations. Finally, petitioner's Motions to Vacate filed in June 2010 and March 2011 were also filed beyond the date that limitations expired and so could not toll the AEDPA period of limitations.[5]

## 2. *Tolling Pursuant to §2244(d)(1)(B)*

Petitioner also implies that he may rely upon the provisions of §2244(d)(1)(B) which provides that the 1-year period may be reckoned from "... the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action..." Petitioner has identified the impediments created by State action as follows: (1) his placement in administrative segregation from December 6, 2006 (the date of his plea and sentencing) until sometime in February 2007; (2) his transfer to another prison in March 2007; and, (3) the denial of his motions for production of documents. Assuming for the purposes of this Report that the

---

[5] In any event, with regard to his Motion to Reconsider Sentence, and his Motion to Correct an Illegal Guilty Plea, the Louisiana courts determined that these pleadings were untimely. As such, they could not be considered "properly filed" so as to toll limitations pursuant to §2244(d)(2). <u>Allen v. Siebert</u>, 552 U.S. 3, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807, 1807, 161 L.Ed.2d 669 (2005))

incidences complained of were State created impediments as defined by the statute, it is clear that these "impediments" were removed prior to the January 4, 2008 expiration of the AEDPA limitations period and therefore, petitioner is unable to demonstrate that these so-called impediments prevented timely filing of the instant petition.

Petitioner also claims that he is entitled to tolling pursuant to 28 U.S.C. §2244(d)(2) during the pendency of his "Out-of-Time Motion to Reconsider Sentence." [Doc. 1-2, p. 20] However, as shown above, that motion was filed after the limitations period had already expired and could not toll limitations because it was rejected as untimely by the State district court.

### 3. *Equitable Tolling*

Petitioner also claims that he is entitled to equitable tolling based on the same claims raised above and the additional claim of "actual innocence" which he claims is supported by the documents he received from his attorney.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to

11

satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

However, petitioner is not entitled to equitable tolling because he fails to show that some "extraordinary circumstance stood in his way and prevented timely filing." Mathis v. Thaler, 616 F.3d 461, 474-75 (5th Cir.2010). The alleged extraordinary circumstances cited or implied, such as ignorance of the law, lack of knowledge of filing deadlines, the temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir.2000); Scott v. Johnson, 227 F.3d 260, 263 & n. 3 (5th Cir.2000). Further, his claim of actual innocence does not "justify equitable tolling of the limitations period." Cousin v. Lensing, 310 F.3d 843 (5th Cir.2002). See also U.S. v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir.2002).

In short, nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner

has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1). Equitable tolling does not apply. Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.

### 4. *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Alexandria, Louisiana ____December 20____, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE